UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN MOISES SANTIAGO GARCIA,
Petitioner,
v.
TONYA ANDREWS, *et al*.,
Respondents.

Case No. 1:26-cv-06829-NW

**ORDER DISMISISNG AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 12, 13

Petitioner Juan Moises Santiago Garcia is an immigration detainee proceeding with an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he seeks his immediate release from custody. ECF No. 13-1 at 11–12. He last entered the United States on a temporary visa for agricultural work in 2021, which expired in 2022. *Id*. at 3; ECF No. 12-1 at 1. In April 2026, Petitioner was arrested for public intoxication and transferred to ICE custody shortly after. ECF No. 12-5 at 6; ECF No. 12-2 at 3. He received a custody redetermination hearing before an immigration judge on May 28, 2026, and was denied release on a finding that Petitioner was a danger to the community given his recent arrest, and prior conviction for driving under the influence from 2024. ECF No. 12-3 at 1; ECF No. 12-5 at 5.

Petitioner previously filed a habeas petition arguing that the custody redetermination hearing he received pursuant to 8 U.S.C. § 1226(a) violated his due process rights. *See Santiago Garcia v. Warden of the Golden State Annex*, Case No. 1:26-cv-04018-NW, ECF No. 13. The Court dismissed the amended petition, finding that any challenge to the immigration judge's dangerousness finding needed to be appealed to the Board of Immigration Appeals ("BIA") before Petitioner could seek habeas relief. *See Santiago Garcia v. Warden of the Golden State Annex*, No. 1:26-CV-04018-NW, 2026 WL 2415923 (E.D. Cal. Aug. 18, 2026).

United States District Court
Eastern District of California

United States District Court
Eastern District of California

In this subsequent amended petition, Petitioner argues that the Government failed to make an individualized custody determination when first arresting Petitioner, as required by 8 U.S.C. § 1226(a) and its implementing regulations. ECF No. 13-1 at 4–5. He contends that failure to make this initial custody determination was a statutory and due process violation. ECF No. 13-1 at 10. Respondents oppose relief, arguing first that Petitioner must exhaust his administrative remedies by appealing his bond denial to the BIA before seeking habeas relief. ECF No. 12 at 2. They further argue that Petitioner has received all the process he is statutorily entitled to under § 1226(a). *Id*. at 3–4; ECF No. 13 at 1.[1] The Court addresses exhaustion, before turning to the merits.

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

An exception applies to Petitioner's claim that the procedures under § 1226(a), as applied to him, violated his procedural due process rights. *See Hernandez v. Sessions*, 872 F.3d 976, 989

[1] Respondents also argue that the petition should be dismissed as duplicative of Petitioner's earlier filed petition. ECF No. 12 at 4; ECF No. 15 at 2. "[A] district court may dismiss a habeas action that is clearly duplicative of a *pending*, earlier-filed habeas action." *Rios v. Washington*, No. 322CV05931JLRTLF, 2023 WL 2333170, at *1 (W.D. Wash. Feb. 21, 2023), *report and recommendation adopted*, No. C22-5931JLR, 2023 WL 2330378 (W.D. Wash. Mar. 2, 2023). Here, Petitioner's earlier filed petition was already adjudicated and is no longer pending. Accordingly, this rule does not apply under these circumstances.

(9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a purely legal challenge). This type of claim cannot be reviewed by the BIA because it "is well settled that [the BIA] lack[s] jurisdiction to rule on the constitutionality of the [Immigration and Nationality Act] and [its] regulations." *In re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997); *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995) ("Clearly the BIA has no jurisdiction to decide questions of the constitutionality of the immigration laws"). Accordingly, Petitioner's claims challenging the constitutionality of his continued detention under § 1226(a) may be reviewed by this Court.

Under § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Following arrest upon an administrative warrant, ICE makes an initial custody determination, which may include setting bond or releasing the individual on conditional parole. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge to challenge that finding. 8 C.F.R. § 236.1(d)(1). At the hearing, the detainee bears the burden of demonstrating to the immigration judge that he "is [not] a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). If the immigration judge denies bond, the detainee may appeal to the BIA. 8 C.F.R. § 236.1(d)(3). Finally, a detainee may request an additional bond hearing whenever he experiences a material change in circumstances. *See* 8 C.F.R. § 1003.19(e).

Petitioner contends that his detention under this statute violates due process because ICE arrested him without a warrant and failed to make an initial custody determination. But here the record before the Court shows that these procedures were followed. Petitioner was served with a warrant, as well as a Notice of Custody Determination, on the day of his arrest. ECF No. 15-2 at 1; ECF No. 15-3 at 1. The Notice stated that he was to be detained under § 1226(a), and included a section for Petitioner to complete, through which he could request a custody redetermination hearing from an immigration judge. ECF No. 15-3 at 1. Petitioner completed the section requesting a hearing, and received that hearing several weeks later. As the evidence demonstrates that § 1226(a) procedures were followed, there was no due process violation with respect to Petitioner's initial arrest and detention.

United States District Court
Eastern District of California

For the foregoing reasons the Amended Petition for Writ of Habeas Corpus is DISMISSED. The Clerk of Court is directed to close this case and enter judgment for Respondents.

**IT IS SO ORDERED.**

Dated: November 23, 2026

Noël Wise
United States District Judge